UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| TODD M. HONEYCUTT | 3:11-cv-00393-RCJ (WGC) |
| Plaintiff, | |
| vs. | **ORDER** |
| SANDY SNIDER, *et. al.*, | |
| Defendants. | |

Before the court are: (1) Plaintiff's Motion for Appointment of Expert Witness (Doc. # 26)[1]; and (2) Plaintiff's Motion for Time Scheduling Order (Doc. # 30).

**1. Motion for Appointment of Expert Witness (Doc. # 26)**

Plaintiff has filed a motion requesting that the court appoint an expert witness in this action. (Doc. # 26 at 1.)  In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by denying him orthopedic footwear necessitated by his leg and foot condition. (*See* Pl.'s Compl. (Doc. # 5).) Plaintiff's request for appointment of an expert appears to be predicated upon the theory that an expert would assist him in prosecuting his action and opposing Defendants' Motion for Summary Judgment (Doc. # 19), although he does not identify any proposed expert opinions. Defendants oppose Plaintiff's request. (Doc. # 28.)

Defendants are correct in their assertion that the court has discretion to appoint an expert

---

[1] Refers to court's docket number.

witness under Federal Rule of Evidence 706.[2] This rule allows the court to appoint a neutral expert on its own motion, or on the motion of any party. Fed. R. Evid. 706. The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The appointed expert is entitled to reasonable compensation, and in a civil case the compensation is "paid by the parties in such proportion and at such time as the court directs[.]" Fed.R.Evid. 706(b). However, where, as here, one of the parties is indigent, the court may apportion all the cost to one side. *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on other grounds*, 502 U.S. 903 (1991) (reasoning that allowing court-appointed experts only when both sides are able to pay their respective shares would hinder a district court from appointing an expert witness, "even when the expert would significantly help the court").

The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases. *See, e.g., Hannah v. U.S.*, 523 F.3d 597 (5th Cir. 2008).

As noted above, Plaintiff does not specifically articulate what subjects the proposed expert will provide testimony. Plaintiff's Eighth Amendment claim is predicated on the denial of Plaintiff's request for orthopedic shoes, so presumably, the expert would be asked to evaluate and opine regarding Plaintiff's lower extremity condition and the necessity, if any, of specialized footwear.

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX*

---

[2] The court assumes Defendants meant to reference the Federal Rules of Evidence and not the Federal Rules of Civil Procedure.

*Tech., Inc. v. Miller*, 104 F.3d. 1133 (9th Cir. 1997).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

Plaintiff does not need a medical expert to determine that his leg or foot condition rises to the level of a serious medical condition. According to Plaintiff's Complaint, Dr. Donnelly has already prescribed Plaintiff orthopedic shoes to help treat severe, chronic pain in his ankle, left knee, right hip, and lower back. (*See* Doc. # 5.) This is presumably contained within Plaintiff's medical records, and Plaintiff may offer this as evidence that he suffers from a serious medical need.

If the medical needs are serious, Plaintiff must show that Defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 858).

The deliberate indifference component of the Eighth Amendment inquiry is a subjective inquiry. *See Farmer*, 511 U.S. at 834. Therefore, expert testimony is not required in determining whether Defendants acted with deliberate indifference. An analysis of a defendant's subjective state of mind differs from the involved objective inquiry required for medical malpractice cases, which delves into reasonable standards of medical care. *Ledford*, 105 F.3d at 359 (upholding district court's decision not to appoint an expert witness at trial of inmate's deliberate indifference claims). In

3

contrast, the subjective inquiry required does not involve "probing, complex questions concerning medical diagnosis and judgment." *Id*. Nor does it involve the evaluation of complex scientific evidence. *See McKinney*, 924 F.2d at 1511 (suggesting the district court consider appointing expert to evaluate complex scientific evidence such as the concentration levels of environmental tobacco smoke in the Carson City prison). Moreover, Plaintiff is not requesting an expert because one is needed to assist the court or fact finder. Rather, Plaintiff requests an expert to assist himself. This falls outside the the scope of appointment of an expert under Rule 706.

It appears the trier of fact will be able to evaluate Plaintiff's objective medical need, as well as Defendants' subjective state of mind with respect to Plaintiff's medical treatment without the aid of an expert. Therefore, Plaintiff's Motion for Court Appointed Expert Witness (Doc. # 26) is **DENIED**.

**2. Plaintiff's Motion for Time Scheduling Order (Doc. # 30)**

Plaintiff asks the court to enter a scheduling order in this action, so that he may undertake discovery to oppose Defendants' Motion for Summary Judgment. (Doc. # 30.) Defendants oppose Plaintiff's motion, arguing that the proper method of requesting discovery is a motion pursuant to Federal Rule of Civil Procedure 56(d). (Doc. # 32.)[3] In addition, Defendants argue that Plaintiff need not conduct discovery because the documentation Plaintiff asserts is essential to opposing the motion is available to him without the need for discovery. (*Id*.)

However, neither party cited the authority the court deems to be controlling, Local Rule 16-1(b), which provides in pertinent part:
> In actions by or on behalf of inmates under 42 U.S.C. § 1983..., no discovery plan is required. In such cases, **a scheduling order shall be entered within thirty (30) days after the first defendant answers** *or otherwise appears*.

LR 16-1(b) (emphasis added).

---

[3]The court is required to liberally construe a *pro se* prisoner's filings. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) Therefore, the court could construe Plaintiff's motion as a request to conduct discovery under Rule 56(d). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). While the court could construe Plaintiff's request as a motion under Rule 56(d), Plaintiff has not provided the required affidavit. Therefore, Plaintiff has not complied with the technical requirements necessary to defer consideration of a motion for summary judgment while discovery is completed.

There can be no dispute that an "appearance" was entered, at the latest, when Defendants filed their Motion for Summary Judgment (Doc. # 19) on November 4, 2011. Therefore, under the triggering provisions of LR 16-1(b), a scheduling order should have been entered. **In that regard, therefore, Plaintiff's motion (Doc. # 30) is <u>GRANTED IN PART</u>. The court will allow Plaintiff to conduct limited discovery, as outlined below.**

Defendants argue discovery is unnecessary because the documentation Plaintiff asserts is essential to oppose the motion is available to him without the need for discovery, *i.e.,* his medical records and Administrative Regulations. Defendants cite no authority for the proposition that a party opposing a motion must be restricted to certain records the movant has suggested are relevant. Nor have Defendants filed a motion for protective order with respect to the proposed discovery.

The court has reviewed Plaintiff's proposed discovery, including his six requests for the production of documents (Doc. # 30 at 7-8); twenty-one (21) requests for admissions (*id*. at 9-11); and ten (10) interrogatories (*id*. at 12-13). The court's review of this discovery suggests that it appears reasonably related and narrowly tailored to the issues surrounding Defendants' Motion for Summary Judgment.

Rather than re-serving the discovery, the discovery contained in Plaintiff's motion, as outlined above, shall be deemed to be served as of the date of this order. Defendants shall have the traditional **thirty (30) days** to respond to the discovery as provided in Rules 33, 34, and 36. Plaintiff shall have **twenty-one (21) days** after he receives Defendants' responses to the discovery to file and serve his opposition to Defendants' Motion for Summary Judgment. Defendants shall file and serve any reply within **fourteen (14) days** after the opposition is served.

**IT IS SO ORDERED**.

Dated: December 16, 2011

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5