UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| TODD M. HONEYCUTT, | ) | 3:11-cv-00393-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | May 15, 2012 |
| SNIDER, *et al.*, | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  JENNIFER COTTER     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's Motion for Reconsideration of Appointment of Counsel. (Doc. #50.)  Therein, plaintiff seeks the court to reverse its earlier decision (Doc.#18) denying plaintiff's motion for appointment of counsel (Doc. #12).

Plaintiff's motion for reconsideration presents no new information or facts necessary to enable this court to appoint counsel, i.e., that plaintiff's case is inordinately complex and that it is probable plaintiff would prevail herein. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). An inmate plaintiff in a §1983 civil rights action does not have a right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

Plaintiff's motion for reconsideration demonstrates no new facts, a change in the law, or a mistake made by the court.  Instead, it is primarily a discussion about whether inmates of Nevada Department of Corrections, plaintiff in particular, may receive orthopedic shoes from outside sources.  Therefore, plaintiff's motion for reconsideration (Doc. #50) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:      /s/
       Deputy Clerk